IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

OFFICE DEPOT, INC.,                              :

      Plaintiff,                                 :       CIVIL ACTION
                                                 :       CASE NO. 09-80554-CIV-
vs.                                              :       MARRA/JOHNSON
                                                 :
NATIONAL UNION FIRE INSURANCE                    :
COMPANY OF PITTSBURGH, PA.,                      :
                                                 :
      Defendant.                                 :
_____          :

## DEFENDANT'S ANSWER AND DEFENSES/AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union"), through undersigned counsel, files this Answer and Defenses/Affirmative Defenses to the Complaint for Breach of Contract and Declaratory Relief and states as follows:

## ANSWER

1.  National Union states that the Complaint speaks for itself and otherwise, denies the allegations in Paragraph 1.

2.  National Union is without knowledge of the allegations in Paragraph 2 and therefore denies the same.

3.  National Union admits the allegations in Paragraph 3 for jurisdictional purposes only.

4.  National Union admits the allegations in Paragraph 4 for jurisdictional purposes only.

5.  National Union admits that venue is proper, but otherwise denies the allegations in Paragraph 5.

6.     National Union admits that it issued an "Executive and Organization Liability Insurance Policy," policy number 965-63-88; and that said Policy speaks for itself; National Union denies all other allegations in paragraph 6.

7.     National Union defers to the Policy which speaks for itself and otherwise denies all other allegations in Paragraph 7.

8.     National Union defers to the Policy which speaks for itself and otherwise denies all other allegations in Paragraph 8.

9.     National Union defers to the Policy which speaks for itself and otherwise denies all other allegations in Paragraph 9.

10.     National Union defers to the Policy which speaks for itself and otherwise denies all other allegations in Paragraph 10.

11.     National Union defers to the Policy which speaks for itself and otherwise denies all other allegations in Paragraph 11.

12.     National Union denies the allegation in Paragraph 12.

13.     National Union defers to the Policy which speaks for itself and otherwise denies all other allegations in Paragraph 13.

14.     National Union admits that it received an email dated July 11, 2007 with a copy of the Dow Jones Newswire article dated June 29, 2007, both which speak for themselves. National Union is without knowledge of the remaining assertions in Paragraph 14 and therefore denies the same.

15.     National Union admits that it was forwarded a copy of the SEC's letter of inquiry dated July 27, 2007, which speaks for itself, and is without knowledge as to all other allegations asserted in Paragraph 15 and therefore denies same.

16.    National Union admits that a letter dated August 22, 2007 was sent by Reed Kleinle of AIG Domestic Claims, Inc., on behalf of National Union as set forth in Paragraph 16 and states that the letter speaks for itself.

17.    National Union admits that litigation was commenced against Office Depot but is without knowledge as to the other allegations asserted in Paragraph 17 and therefore denies the same.

18.    National Union admits that it reserved its rights regarding coverage and defense costs, but otherwise denies the allegations in Paragraph 18.

19.    National Union admits that it was informed that the SEC issued a Formal Order, but is without knowledge as to the remaining allegations in Paragraph 19 and, therefore denies the same.

20.    National Union denies the allegations in Paragraph 20.

21.    National Union denies the allegations in Paragraph 21.

22.    National Union denies the allegations in Paragraph 22.

23.    National Union denies the allegations in Paragraph 23.

24.    National Union denies the allegations in Paragraph 24.

25.    National Union admits that a letter dated August 11, 2008 was received by Mr. Kleinle of AIG Domestic Claims, Inc. but defers to the letter which speaks for itself and any other allegations in Paragraph 25 are denied.

26.    National Union admits that a letter dated August 20, 2008 was received but defers to the letter which speaks for itself and any other allegations in Paragraph 26 are denied.

27.    National Union denies the allegations in Paragraph 27.

28.     National Union states that the Policy speaks for itself and admits the rest of the allegations in Paragraph 28.

29.     National Union denies the allegations in Paragraph 29.

30.     National Union denies the allegations in Paragraph 30.

31.     National Union denies the allegations in Paragraph 31.

## COUNT ONE-DECLARATORY RELIEF REGARDING COVERAGE

32.     National Union realleges its answers to paragraphs 1 through 31.

33.     National Union admits that there is an actual and justiciable controversy but otherwise denies all the remaining allegations in Paragraph 33.

34.     National Union denies the allegations in Paragraph 34.

35.     National Union denies the allegations in Paragraph 35.

36.     National Union denies the allegations in Paragraph 36.

37.     National Union denies the allegations in Paragraph 37.

## COUNT TWO-BREACH OF INSURANCE CONTRACT

38.     National Union realleges its answers to paragraphs 1 through 31.

39.     National Union denies the allegations in Paragraph 39.

40.     National Union denies the allegations in Paragraph 40.

41.     National Union denies the allegations in Paragraph 41.

42.     National Union denies the allegations in Paragraph 42.

43.     National Union denies the allegations in Paragraph 43.

44.     National Union denies the allegations in Paragraph 44.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's claim is subject to the limitations of liability and the retention amount set forth in the Policy as well as any recovery Plaintiff obtains from any third party.

2.      Plaintiff has not established that the Securities and Exchange Commission ("SEC") investigation is a "Securities Claim" or is arising from a securities claim under Coverage B(i) of the Policy.

3.      Plaintiff's claim does not come within the Insuring Agreement under Coverage B(i) of the Policy.

4.      Plaintiff has not established that the defense costs incurred are a Claim as defined in the Policy.

5.      Plaintiff claim does not come within the Insuring Agreement under Coverage B(ii).

6.      Plaintiff has not established that the SEC Investigation is a Securities Claim.

7.      Any coverage provided by the Policy is subordinate to, and in excess of, any other insurance policy which may cover the alleged loss.

8.      The Policy is subject to its terms, conditions and exclusions regarding coverage, if any, of the alleged loss.

9.      As to the Securities Lawsuit, National Union asserts that the Plaintiff may not sustain an insurable Loss as defined in the Policy.

10.      As to the Securities Lawsuit, National Union assets that there is no coverage for any Claim arising out of, based upon or attributable to the gaining of any profit or advantage to which a judgment, final adjudication, or alternative dispute resolution proceeding adverse to

15075612.1                                       5

the Insured establishes that the Insured is not legally entitled, or as otherwise provided in Exclusion 4(a) of the Policy.

11.     As to the Securities Lawsuit, National Union asserts that there is no coverage for any Claim arising out of, based upon or attributable to the committing of any deliberate criminal or deliberate fraudulent act by the Insured if a judgment, final adjudication, or alternative dispute resolution proceeding adverse to the Insured establishes that such act was committed, or as otherwise provided in Exclusion 4(c) of the Policy.

12.     National Union reserves the right to amend its Answer and Affirmative Defenses as discovery proceeds in this Action.

WHEREFORE, having answered the Complaint, National Union demands judgment in its favor and awarding to it any and all appropriate costs, attorney's fees and such other relief as is just and proper.

Respectfully submitted,

Steven J. Brodie, Esq.
Florida Bar No.: 333069
sbrodie@carltonfields.com
Frederick T. Hawkes, Esq.
Florida Bar No.:  307629
fhawkes@carltonfields.com
CARLTON FIELDS, P.A.
4000 International Place
100 S.E. 2nd Street
Miami, Florida 33131-9101
Phone:  (305) 530-0050
Fax:      (305) 530-0055

Attorneys for National Union Fire Insurance
Company of Pittsburgh, Pa.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail on this __27th__ day of __May__, 2009 to the following:

Sidney A. Stubbs, Esq.
Joanne M. O'Connor, Esq.
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Street
Suite 1100
West Palm Beach, Florida  33402-3475
Attorneys for Office Depot, Inc.


Edmund M. Kneisel, Esq.
Brent W. Brougher, Esq.
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Attorneys for Office Depot, Inc.