UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80554-CIV-MARRA

OFFICE DEPOT, INC.,

Plaintiff,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon American Casualty Company of Reading PA's ("American Casualty") Motion for Leave to Intervene under Rule 24(b) (DE 32).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On April 10, 2009, Plaintiff Office Depot, Inc. filed a Complaint for Breach of Contract and Declaratory Relief against Defendant National Union Fire Insurance Company of Pittsburgh, P.A. alleging breach by Defendant of its contractual duty to reimburse Plaintiff for losses sustained in connection with an investigation by the Securities and Exchange Commission ("SEC") and two related lawsuits.  (DE 1.)   The Primary Policy has a limit of liability of $25 million, subject to a $2.5 million retention.  American Casualty issued an Excess Insurance Policy to Plaintiff, which provides Plaintiff with specified excess coverage over the Primary Policy and applies in conformance with the provisions of the Primary Policy.  The Excess Policy has a limit of liability of $15 million.

In moving for intervention pursuant to Federal Rule of Civil Procedure 24(b), American Casualty states that independent federal jurisdiction exists for its defense, that its defense shares common questions with the main action and its motion for leave to intervene is timely.  In opposing the motion, Plaintiff contends that the motion for intervention is untimely.

"Permissive intervention under Federal Rule of Civil Procedure 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."  Mount Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1312 (11th Cir. 2005); Ciba Speciality Chem. Corp. v. Tensaw Land and Timber Co., Inc., 233 F.R.D. 622, 628 (S.D. Ala. 2005); Fed. R. Civ. P. 24(b) ("On a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with a main action a common question of law or fact").  The ruling can be overturned only for a clear abuse of discretion. Georgia v. United States Army Corp. of Engineers, 302 F.3d 1242, 1249 (11th Cir. 2002). Here, Plaintiff does not challenge American Casualty's contention that its defense shares common questions with the main action.[1]  Instead, Plaintiff's objection to intervention is focused on the issue of timeliness.

In deciding timeliness on a motion to intervene, courts consider the following factors:

---

[1] Indeed, American Casualty points out that the Excess Policy "follows form" to the Primary Policy and applies subject to the provisions of the Primary Policy, except as specifically provided by the Excess Policy.  Furthermore, the American Casualty's defenses to the Complaint are similar to Defendant's and its position regarding the interpretation of the Primary Policy shares common questions of law and fact with fact with the main action.  See Nationwide Mut. Fire Ins. Co. v. Waddell, No. 5:04-CV-429, 2005 WL 2319698, at * 3 (M.D. Ga. Sept. 22, 2005) (granting motion to intervene where a secondary insurer sought intervention in a coverage action brought by another insurer in order to assert the position that plaintiff insurer was obligated to provide coverage for the underlying litigation).

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

Georgia v. United States Army Corp. of Engineers, 302 F.3d at 1259 citing Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).  Furthermore, "[t]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." Id.

American Casualty states that it was notified on or around July 21, 2009 of Plaintiff's contention that it incurred alleged losses of approximately $22 million.  While discovery is to be completed by March 5, 2010 and trial is set for August 2, 2010,[2] American Casualty points out that its intervention will not require additional discovery or introduce extraneous issues.  With respect to prejudice, American Casualty states that it will suffer prejudice if its motion is denied given that the Court will be interpreting terms of the Primary Policy, and those terms will impact American Casualty's ability to obtain an independent adjudication of its rights and obligations.

In response, Plaintiff argues that American Casualty knew about the coverage dispute between Plaintiff and Defendant for the past 13 months and has been privy to the exchange of correspondence between those two entities.  Plaintiff also argues that Defendant can adequately represent American Casualty's interest in this lawsuit.  Furthermore, Plaintiff states that it is

---

[2] The instant motion was filed on November 24, 2009.

unlikely that the Primary Policy limits will be exhausted.

The Court finds that the motion to intervene is timely.  American Casualty filed its motion to intervene approximately seven months after the filing of the Complaint, a time period deemed timely by other courts in this Circuit.  See, e.g., Chiles, 865 F.2d at 1213; Wilmore v. Arnold, No. 5:08-cv-261(HL), 2009 WL 1241323, at * 2 (M.D. Ga. May 4, 2009).   Nor has Plaintiff demonstrated that granting the motion to intervene would result in prejudice.  See Davis v. Southern Bell Tel & Tel. Co., 149 F.R.D. 666, 670 (S.D. Fla. 1993) (no prejudice shown when there was no evidence intervenor would attempt to multiply issues or parties); cf. Bumble Bee Foods, LLC v. Malo, Inc., No. CV 109-042, 2009 WL 2762683, at * 2 (S.D. Ga. Aug. 31, 2009) (finding prejudice when intervention would require additional discovery).  Thus, the Court finds that the standard for permissive intervention has been met.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that American Casualty Company of Reading PA's Motion for Leave to Intervene under Rule 24(b) (DE 32) is **GRANTED.**  American Casualty shall separately file its answer.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of February, 2010.

_____
KENNETH A.  MARRA
United States District Judge