IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-80554-CIV-MARRA/JOHNSON

| | |
|---|---|
| OFFICE DEPOT, INC., | : |
| Plaintiff, | : |
| vs. | : |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and AMERICAN CASUALTY INSURANCE COMPANY OF READING, PA. | : |
| Defendants. | : |

**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 4, 2010 ORDER DENYING DEFENDANTS' MOTION TO EXTEND THE CASE DEADLINES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant National Union moves the Court, pursuant to Fed. R. Civ. P. 60 and L.R. 7.1, to partially reconsider its June 4, 2010 Order (D.E. 81) denying Defendants' joint request to extend the discovery deadline for the purpose of resolving the discovery dispute identified in footnote 1 of the Motion to Extend (D.E. 71, fn. 1). Based on the Court's ruling on this issue, Magistrate Johnson entered an Order on June 4 (D.E. 82) and therein denied National Union's Motion to Compel and for Sanctions as untimely.

The Court should reconsider that part of its order denying National Union's request for a modest extension of the discovery deadline so that: (1) National Union's motion to compel is deemed to have been timely filed; and, (2) in the event National Union prevails on its Motion to Compel, National Union can conduct further limited discovery directed to the discrete privilege issue addressed in the Motion to Compel.

16951872.3

**I.     NATIONAL UNION WAS DILIGENT IN ITS EFFORTS TO COMPLETE ALL DISCOVERY BEFORE THE DEADLINE ON MAY 14.**

National Union served its First Request for Production on Office Depot on September 2, 2009. Office Depot served its responses on October 23, 2009. Office Depot produced some responsive documents on December 8, 2009 (Bates OD-NU000001-OD-NU000219), but it would not produce the remaining responsive documents until the parties entered an amended confidentiality agreement and the Court entered a stipulated protective order. That took time, and Office Depot did not make the majority of its document production until March 4, 2010.

Office Depot's March 4 production included over <u>1 million</u> pages of documents. Prior to actually receiving that production, National Union had no reason to believe that the volume of documents it would need to review in this straightforward coverage case would be so high. Office Depot's voluminous production was the reason for the parties' joint request in March for an extension of all case deadlines.

Office Depot did not serve National Union with a privilege log until April 9, 2010, which was over five months late. Even then, however, Office Depot's privilege log did not contain much of the information required by Fed. R. Civ. P. 26 or S.D. Fla. L.R. 26.1. As a result, National Union could not fully evaluate the propriety of Office Depot's privilege assertions.

As fully detailed in the Motion to Compel (D.E. 80), National Union scheduled two depositions of Office Depot's designated corporate representative to ascertain the factual basis for Office Depot's privilege assertions. The first of these depositions took place on April 14, 2010. During that deposition, counsel asserted scope and privilege objections to certain of National Union's questions about the communications between Office Depot and its insurance broker, which communications are the focus of the Motion to Compel.

16951872.3                                              2

After the April 14 deposition, National Union engaged in good faith negotiations with Office Depot to resolve the discovery dispute, but the parties could not reach an agreement. National Union noticed a second deposition of Office Depot's corporate representative to ensure that the communications at issue in the discovery dispute were within the scope of its deposition notice. National Union also noticed that second deposition to obtain facts supporting Office Depot's privilege assertions. National Union served the notice for the second deposition on April 21, which set the deposition for May 5. As an accommodation to the schedules of Office Depot and its counsel, National Union agreed to move the deposition to May 14, the last day of discovery.

By May 7, the date National Union filed the Motion to Extend, it was clear that the parties could not address, much less resolve, the discovery dispute before the May 14 discovery deadline, and the dispute accordingly could not be presented to the Court by that date. That is why in the Motion to Extend National Union made specific reference to the discovery dispute and requested additional discovery time. (D.E. 71, fn. 1.)

During the May 14 deposition, Office Depot's counsel again asserted privilege objections to National Union's questions about specific communications between Office Depot and its broker. National Union was not able to obtain facts from Office Depot that would support the latter's privilege assertions. But, it was impossible for National Union to file its Motion to Compel prior to the close of the discovery period since it was taking the deposition it needed for that motion on May 14, a time scheduled to accommodate Office Depot. National Union believed it was protected because it had sought an extension of the discovery period on May 7, once it became apparent that it could not file its Motion to Compel on or before May 14.

16951872.3                                3

On the afternoon of June 4, 2010 Magistrate Johnson entered an order (D.E. 82) denying National Union's Motion to Compel, which National Union filed the day before on June 3, 2010. The Motion to Compel sought judicial resolution of the very discovery dispute that National Union specifically identified in its May 7 Motion to Extend (D.E. 71, fn. 1). Magistrate Johnson denied National Union's Motion to Compel because (1) it was filed after the discovery deadline; and, (2) earlier on that same day this Court denied Defendants' Motion to Extend the case deadlines, including the discovery deadline. (D.E. 82.)

## II.   THE COURT'S RULING HAS CAUSED MANIFEST INJUSTICE TO NATIONAL UNION.

To prevail on this Motion, National Union "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Socialist Workers Party v. Leahy, 957 F.Supp. 1262, 1263 (S.D. Fla.1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D.Fla.1993) (internal citations omitted).

The Court's June 4 order focused on the central issues argued in the Motion to Extend, which dealt with expert disclosures in light of the discovery and dispositive motion deadlines and trial date. With respect to the discovery deadline the Court simply said, "Nor is there any reason to extend the discovery deadline." (D.E. 81, p. 2.) The Court did not address the good cause supporting Defendants' request for additional discovery time to resolve the discovery dispute that arose on the last day of discovery because National had postponed the earlier scheduled deposition in order to accommodate Office Depot's schedule. The facts detailed in this Motion

16951872.3                                      4

show good cause existed to (1) extend the discovery deadline for the limited purpose of obtaining a judicial resolution of the Motion to Compel; and, (2) permit National Union to take limited discovery on the communications at issue, in the event it prevailed on the Motion to Compel.

Good cause under Sosa v. Airprint Sys., Inc., turns on whether the party, here National Union, could not meet the case deadlines despite its diligent efforts to do so. 133 F.3d 1417, 1418 (11th Cir. 1998). Unlike the party in Sosa, National Union made every effort to protect its rights and act in a diligent manner with respect to meeting the deadlines set forth in the amended scheduling order.

The Court's ruling on this issue is in effect a penalty on National Union even though since March 4, when it received Office Depot's million-plus page production, and April 9, when it received the privilege log, National Union undertook good faith efforts to schedule depositions to obtain the facts that Office Depot contends support its privilege assertions. The reality is National Union had only two months to complete discovery in this case after Office Depot's voluminous document production in March, and less than that after Office Depot served its privilege log in April.

Denying National Union an extension of the discovery deadline so that its Motion to Compel can be heard undermines the spirit of cooperation that National Union showed by accommodating the scheduling needs of Office Depot and its counsel. The Court's ruling also undermines the reasons to engage in extended good faith efforts to resolve discovery disputes before seeking judicial intervention, as National Union did here.

The Court's ruling has caused manifest injustice to National Union. National Union could not be expected to schedule the deposition of National Union's corporate representative

16951872.3

5

until it completed a review of the million-plus pages Office Depot produced on March 4. National Union conducted an expedited review of those million-plus pages in an effort to get depositions completed in April, well before the May 14 discovery deadline. The corporate representative that Office Depot produced to testify at the April 14 deposition did not provide the factual basis for Office Depot's privilege assertions in the privilege log. Furthermore, Office Depot objected to questions going to the heart of the discovery dispute as being outside of the scope of the noticed deposition topics (National Union disputes those objections).

By May 7, negotiations between the parties to resolve the discovery dispute had stalled, and National Union realized that it would likely have to file a motion to compel, as noted in footnote 1 of the Motion to Extend. (D.E. 71, fn. 1.) National Union moved the Court for an extended fact discovery period with respect to the discovery dispute as soon as it became apparent that it could not complete the necessary depositions and file a motion by the May 14 discovery deadline. National Union did everything that it could to avoid making another request to extend the case deadlines, but once it was necessary to do so, it made the request in a timely manner. National Union showed the diligence required under <u>Sosa</u>.

Office Depot will not be prejudiced if the Court gives partial reconsideration to its Order so that the Motion to Compel can be heard, and, if necessary, limited discovery can be taken.

### III. <u>CONCLUSION</u>

National Union was diligent in its efforts to complete discovery, including filing the Motion to Compel, in the two month period between March 4 and May 14. Good cause existed for National Union's request for an extended discovery period to resolve this discovery dispute. The Court should reconsider its June 4, 2010 Order on this point.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Prior to filing this Motion, on June 8, 2010, counsel for National Union conferred with counsel for Office Depot regarding the relief requested herein.  Office Depot opposes this Motion and the relief requested.

**WHEREFORE**, Defendant National Union Fire Insurance Company of Pittsburgh, Pa., respectfully requests that the Court (1) partially reconsider its Order dated June 4, 2010 with respect to Defendants' request for additional discovery time to resolve the discovery dispute; (2) enter an amended order extending the discovery deadline so that National Union's Motion to Compel will be deemed timely filed; (3) grant National Union additional time to take discovery directed to the discrete privilege issue addressed in the Motion to Compel, if National Union prevails on that Motion; and, (4) award National Union all further appropriate relief.

    Respectfully submitted,

    s/Steven J. Brodie
    Steven J. Brodie
    Florida Bar No. 333069
    sbrodie@carltonfields.com
    Sylvia H. Walbolt
    swalbolt@carltonfields.com
    Florida Bar No. 33604
    Gwynne A. Young
    Florida Bar No. 185582
    gyoung@carltonfields.com
    CARLTON FIELDS, P.A.
    100 S.E. 2nd Street
    Suite 4000, International Place
    Miami, Florida 33131
    Telephone: (305) 530-0050
    Facsimile: (305) 530-0055
    Attorneys for Defendant National Union Fire
    Insurance Company of Pittsburgh, Pa.

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Gwynne A. Young

## SERVICE LIST

*Office Depot, Inc. v. National Union Fire Insurance Company of Pittsburgh, P.A.*
Case No.: 09-80554-civ-MARRA/JOHNSON
United States District Court, Southern District of Florida

Sidney A. Stubbs
Florida Bar No: 095596
sstubbs@jones-foster.com
Joanne M. O'Connor
Florida Bar No: 0498807
joconnor@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33402-3475
Telephone No: (561) 659-3000
Facsimile No: (561) 832-1454
Via CM/ECF

Edmund M. Kneisel
ekneisel@kilpatrickstockton.com
Brent W. Brougher
bbrougher@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone No: (404) 815-6500
Facsimile No: (404) 815-6555
Via CM/ECF

Steven J. Brodie
sbrodie@carltonfields.com
Gwynne A. Young
gyoung@carltonfields.com

Sylvia H. Walbolt
swalbolt@carltonfields.com
CARLTON FIELDS, P.A.
100 S.E. 2nd Street
Suite 4000, International Place
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
Via CM/ECF

Neil S. Baritz
nbaritz@baritzcolman.com
Craig R. Glasser
cglasser@baritzcolman.com
BARITZ & COLMAN, LLP
1075 Broken Sound Parkway NW, Ste. 102
Boca Raton, FL 33487
Telephone No: (561) 864-5100
Facsimile No: (561) 864-5101
Via CM/ECF

Gary P. Seligman
gseligman@wileyrein.com
John E. Howell
jhowell@wileyrein.com
Daniel J. Standish
dstandish@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Telephone No.: (202) 719-3587
Facsimile No.: (202) 719-7049
Via CM/ECF