UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80554-CIV-MARRA

**OFFICE DEPOT, INC.,**
    plaintiff,

vs.

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,**
    defendant,

**AMERICAN CASUALTY INSURANCE
COMPANY OF READING, PA.,**
    intervenor defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
of JUDGMENT ENTERED NOVEMBER 30, 2010

**THIS CAUSE** is before the court upon the plaintiff's Rule 59(e) or Rule 60(b) motion for reconsideration of final judgment entered in favor of the defendants on November 30, 2010 [DE# 200], the defendants' responses in opposition [DE# 204, 205] and the plaintiff's reply [DE# 213]. For reasons stated below, the court will deny the motion.

### I. Procedural History

The court entered its memorandum opinion and order on cross-motions for summary judgment in favor of the carriers in this insurance coverage dispute on October 15, 2010 [DE# 176]. A few days later, on October 21, 2010, the SEC filed a complaint against Office Depot [*Securities and Exchange Commission v Office Depot, Inc.*, Case No. 10-81239-CIV-MARRA] alleging violations of Section 13(a) of the Securities Exchange Act and Regulation FD. At the same time, the SEC filed administrative cease and desist orders against Office Depot and two of its officers,

Steve Odland and Patricia McKay.

On October 27, 2010, the court granted Office Depot's motion for clarification and amended its prior summary judgment order to clarify that, consistent with the court's prior interpretation of the policy language, the costs Office Depot voluntarily incurred in responding to an SEC investigation after November 5, 2007 -- the filing date of the first of the securities lawsuits brought by allegedly harmed shareholders, *Sheet Metal Workers Local 28 Pension Fund v Office Depot Inc*. Case NO. 07-81038-DTKH -- do not constitute covered "defense costs" which "arose from" that suit [DE# 188].

The next day, October 28, 2010, the SEC submitted an agreed consent judgment resolving all matters alleged in the newly filed SEC case against Office Depot. This court approved the agreed resolution and entered the consent judgment on the same day. [Case No. 10-31239-CIV-MARRA, DE# 5].

On November 30, 2010, the court entered final judgment in favor of the defendant insurance carriers based upon the court's previously entered summary judgment order [DE# 196].

In its motion for reconsideration, Office Depot now contends that the SEC's intervening lawsuit changes the coverage landscape and illustrates the "fallacy" of the carriers' previously asserted coverage positions. Office Depot raises this rhetorical question, "[I]f the SEC had not previously commenced an administrative or regulatory "proceeding" qualifying for coverage under the National Union Policy, what was being "settled?"

Office Depot further contends that the filing of the SEC enforcement action against it, and the entry of the consent judgment, should be viewed as "new evidence" that alters a material fact upon which the court relied in entering its October 15, 2010 coverage opinion. Office Depot points

to the summary description of the coverage litigation set out in the second paragraph of the court's October 15, 2010 opinion, where the court identifies the coverage question posed as: "[W]hether a corporation can recover under an organization and executive liability insurance policy for costs incurred in voluntarily responding to a Securities and Exchange Commission (SEC) investigation *that did not culminate in filing of a judicial or administrative complaint by the SEC against the company or any of its officers or directors*, or for costs incurred in conducting an internal investigation and audit triggered by a whistle-blower complaint over alleged accounting improprieties." (emphasis added).

## II. Discussion

### A. New Evidence Argument

At the time the court entered its memorandum coverage opinion, the SEC had not yet initiated its enforcement action against Office Depot. However, the fact that the SEC filed a complaint against Office Depot and two of its officers after the court rendered its declaratory opinion does not alter in any respect the fundamental coverage analysis underpinning the court's decision.

The newly filed SEC suit simply provided Office Depot with coverage for a newly lodged "Securities Claim" against Office Depot as an Organization which qualifies for coverage under the B(i) insuring clause of the subject policy. Thus, Office Depot may now seek "defense costs" which "arise from" and "result[] solely from" that suit. This does not include the

capture of pre-suit investigatory costs. As this court stated previously in its coverage analysis:

> "Loss" which "arises from" a "Claim" or "Securities Claim" is logically understood to mean loss which "grows out of," "flows from," and therefore follows sequentially in time. It does not include related pre-suit or pre-claim investigation costs, regardless of how "related" or "beneficial" those costs may ultimately have proved to be in defending against the claim which ultimately materialized.

[Memorandum Opinion and Order on Cross Motions for Summary Judgment, pp. 30-31][DE# 176]. In short, the filing of the SEC complaint does not convert the expenses Office Depot voluntarily incurred in pre-suit activity relative to the SEC's investigation into covered "Loss" simply because that activity proved to be a useful and economically efficient means of managing the SEC litigation that materialized.

### B. Public Policy Argument

Office Depot also seeks reconsideration of the court's coverage decision on the ground it is "unfair, illogical and inequitable" to bar coverage for its voluntary pre-suit SEC response costs. Office Depot claims that the court's interpretation of the policy provisions will discourage policyholders in similar circumstances from cooperating with the SEC, instead leading them to insist on immediate initiation of litigation in order to maximize their insurance coverage for defense costs.

If Office Depot believes it is desirable for such coverage to exist, it should have contracted for such coverage.  It is not the business of the courts to re-write insurance policies to achieve the greatest economic efficiency or socially redeeming results.  Insurance policies are contracts and the sophisticated commercial parties to this contract were free to negotiate the boundaries of the insurance coverages purchased with a corresponding adjustment in the policy premiums.

"So long as no public policy is violated, an insurer has a right to decide which risks it will and which it will not insure against." *United States v Aviation Underwriters, Inc v Sunray Airline, Inc,* 543 So.2d 1309, 1312 (Fla. 5th DCA 1989). *See also National Union Fire Ins Co of Penn v Carib Aviation, Inc.*, 759 F.2d 873, 876 (11th Cir. 1985)("[A] court is not free to rewrite an insurance policy or add meaning to it that is not really there").

In this case, public policy does not require the policy's definition of covered "Loss" to be ruled ineffective as a result of Office Depot's lack of coverage for the cost of investigating potential or anticipated "Claims" or "Securities Claims." Office Depot's public policy override argument is accordingly rejected.

### III. Conclusion

The balance of the motion for reconsideration presents arguments identical to those raised by Office Depot in the earlier summary judgment proceedings. As such, they are summarily rejected as an improper use of Rule 59(e). *Shaarbay v Florida,* 269 Fed. Appx. 866 (11th Cir. 2008*), citing Michael Linet, Inc. v Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005)(litigant cannot use Rule 59(e) to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment).

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

The plaintiff's motion for reconsideration of final judgment entered in favor of defendants on November 30, 2010 [DE# 200] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 15th day of February, 2011.

_____
Kenneth A. Marra
United States District Judge

cc. all counsel